UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| HAROLD DEAN CALDWELL,<br><br>**Plaintiff,**<br><br>V.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>**Defendant.** | CIVIL ACTION NO. 6:14-8-KKC<br><br><u>MEMORANDUM OPINION<br>AND ORDER</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 14; DE 15). Plaintiff Harold Dean Caldwell brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief of an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

The Social Security Act and corresponding regulations provide a five-step sequential process for determining whether a claimant has a compensable disability. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

>2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
>3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
>4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
>5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)). If, at any step in the process, the administrative law judge ("ALJ") concludes that the claimant is or is not disabled, then the ALJ can complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof through the first four steps of the analysis; and, at step five, the burden shifts to the Commissioner. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). The claimant must, in order to satisfy his burden of proof, provide sufficient facts to find in his favor. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Caldwell filed his claim for DIB and SSI on March 28, 2011, alleging an onset date of March 1, 2010. (Tr. at 203, 208.) The agency denied his application initially and on reconsideration. (Tr. at 109, 117, 130, 140.) Caldwell requested review by an ALJ, and a

hearing was held on August 30, 2012. (Tr. at 79–101.) The ALJ subsequently issued an unfavorable decision on October 5, 2012. (Tr. at 62–78.)

At the time the ALJ rendered her decision, Caldwell was thirty-eight years old. He completed the eleventh grade but had not successfully completed his GED. (Tr. at 83.) Caldwell had previously worked as a loader, machine operator, and "crew leader" for a heating and air conditioning installation company; a loader and machine operator; and a fast food worker. (Tr. at 70, 72, 84.) He alleges disability due to a "[r]uptured disc with bone spur on [fourteen and fifteen], numbness in feet." (Tr. at 102, 110.) Caldwell's insured status expired on September 30, 2010. (Tr. at 67.)

At the first step, the ALJ determined that Caldwell has not engaged in substantial gainful activity since his alleged onset date of March 1, 2010. (Tr. at 67.) At the second step, the ALJ found that Caldwell suffers from the following severe impairments: "lumbar degenerative disc disease, hepatitis C, and a history of pancreatitis." (Tr. at 67.) At the third step, the ALJ concluded that Caldwell does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. at 69.)

Next, the ALJ reviewed the record to determine Caldwell's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In finding Caldwell's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional

measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529, 416.929; SSR 96-4p, 1996 WL 374187 (July 2, 1996); SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ also considered the relationship between Caldwell and the doctors providing medical opinions; the supportability and consistency of the medical opinions with the entire record evidence; medical specialization; and other opinion evidence. 20 C.F.R. §§ 404.1527, 416.927; SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006); SSR 96-2p, 1996 WL 374188 (July 2, 1996); SSR 96-5p, 1996 WL 374183 (July 2, 1996); SSR 96-6p, 1996 WL 374180 (July 2, 1996).

After reviewing all the record evidence, the ALJ determined that Caldwell has the RFC to perform medium work—work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). The ALJ also noted that Caldwell should adhere to the following limitations: "no more than frequent stooping, bending, crouching, crawling, or climbing ladders, ropes, and scaffolds." (Tr. at 69.)

The ALJ continued to the fourth step. The ALJ asked the vocational expert ("VE") whether a hypothetical individual with Caldwell's education, experience, and RFC could perform any of Caldwell's previous jobs. (Tr. at 98.) The VE testified that this hypothetical individual could perform the work of a loader and machine operator, but that this hypothetical individual could not perform the work that Caldwell performed for the heating and air conditioning installation company. (Tr. at 98.) The ALJ, nonetheless, moved to the fifth step. The ALJ asked if this hypothetical individual could perform other jobs available in the regional or national economy, and the VE stated that this hypothetical individual could perform the following jobs: backhoe operator; forklift operator; groundskeeper;

4

cleaner, including an industrial cleaner and machine cleaner; and various factory-based jobs. (Tr. at 98–99.) Therefore, the ALJ found Caldwell not disabled. (Tr. at 74.)

The ALJ's decision that Caldwell was not disabled from March 1, 2010 through October 5, 2012 became the final decision of the Commissioner when the Appeals Commission subsequently denied Caldwell's request for review on November 27, 2013. (Tr. at 1–5.) Caldwell has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**IV. ANALYSIS**

Caldwell presents two issues for review. First, he argues that the ALJ erred in evaluating his subjective complaints. Second, Caldwell asserts that the ALJ's Notice of Decision is not supported by substantial evidence.

1. *The ALJ did not err in evaluating the credibility of Caldwell's statements about his symptoms and pain.*

The ALJ must follow a two-step process for evaluating a claimant's subjective complaints concerning pain and symptoms. *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (citing 20 C.F.R. § 404.1529 and SSR 96-7p). First, the ALJ must evaluate the relevant evidence in the entire case record and decide whether the claimant has a medically determinable physical or mental impairment—or combination of impairments—that "could reasonably be expected to produce the individual's pain or other symptoms." SSR 96-7p, at *2. Second, the ALJ must assess the "intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id.*

A claimant's statements concerning symptoms and pain inform both steps in the ALJ's analysis; therefore, the ALJ must compare the claimant's statements with the evidence in the entire case record to determine the credibility of the statements and whether the statements can be relied upon as probative evidence. *Id.*, at *4. Evidence that guides the ALJ's credibility determination includes the following: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication; (5) other treatment(s) received; (6) additional pain management measures; and (7) other factors concerning functional

6

limitations due to pain. 20 C.F.R. § 404.1529(c)(3). The ALJ's notice of decision must contain a specific finding on credibility, and the ALJ must explicitly state the weight she gave the statements and the reasons for that weight. SSR 96-7p, at *4.

Here, the ALJ followed the proscribed process for evaluating Caldwell's subjective symptoms and pain. The ALJ noted the two-step process and evaluated the entire case record. (*See* R. at 69.) At step one, the ALJ found "that the claimant's medically determinable impairments could reasonably cause the symptoms alleged, but that his statements regarding their intensity, frequency and limiting effects are not credible to the extent they are inconsistent with the RFC." (Tr. at 70.)

The ALJ then discussed the record evidence that undermined Caldwell's credibility for the statements about his symptoms and pain. First, the ALJ noted that Caldwell's daily activities include the following: "[e]ngaging the physical bonds of a romantic relationship with his 'girlfriend;' traveling out of state—specifically, Tennessee and Georgia— to visit family; driving;" performing household duties only limited "based on [a] diminished expectation of performance as a guest in the homes of his mother and friends;" and—four month after his alleged onset date—going out into the woods for two or three days. (Tr. at 71–72.)

Second, the ALJ found the location, duration, frequency, and intensity of symptoms to be limited. She stated that Caldwell only contributes his work-related limitations to radicular low back pain. (Tr. at 71.) The ALJ observed that Caldwell's back pain, while alleged to be chronic, was only documented sporadically with a "modest treatment record." (Tr. at 71.) The ALJ also noted that Caldwell has not sought care for his hepatitis C and has not complained of pain associated with this condition. (*See* Tr. at 70.) Third, the ALJ failed to find any circumstance that would precipitate or aggravate Caldwell's pain. She

7

also observed that Dr. Hammond, examining Caldwell in 2011, found Caldwell's lumbar condition "stable" (Tr. at 70, 397) and that Caldwell's 2011 hospitalization was precipitated "by reportedly binge drinking '[eleven] or [twelve] beers.'" (Tr. at 70, 331, 333.)

Fourth, the ALJ noted that "doctors historically treated the claimant's back pain and pancreatic flare-ups conservatively with low level analgesia like Tramadol and over-the-counter acid blockers such as Prilosec . . . without reported side effects." (Tr. at 71.) Fifth, the ALJ observed that Caldwell's treatment was generally sporadic and isolated to periods when his pain is more pronounced. (*See* Tr. at 70–72.) And sixth, the ALJ acknowledged Caldwell's testimony concerning his need to lie on his back to relieve his back pain. (*See* Tr. at 71.)

The ALJ also compared these factors with the objective medical evidence. (*See* Tr. at 70–72.) She found Caldwell's "physical exams are routinely unremarkable for clinical signs of low back and acute abdominal pain or systemic evidence of dysfunction consistent with the claimant's dire allegations of unremitting symptomatology." (Tr. at 71.) The ALJ also credited Dr. Harshman's evaluation that concluded that Caldwell had only "[m]ild lumbar paraspinal muscular tenderness," (Tr. at 325) and that "doctors commonly observed his lack of acute distress." (Tr. at 71.)

Therefore, the ALJ concluded that Caldwell's statements concerning his subjective symptoms and pain were not credible. (Tr. at 70.) The ALJ remarked that the "body of diagnostic, examining, and treating evidence most certainly does not corroborate his theatrical allegation of being bedridden for protracted periods pursuant to '[three] or [four]' flare-ups yearly that endure 'for at least a month or so' each time." (Tr. at 71.) She further observed that being incapacitated for at least three months out of every year would be a "devastating condition [that] would manifest through a pervasive record of emergent care

8

and hospitalization or, alternatively, 24-hour professional assisted living services to accommodate his inability to meet even subsistence-level activities." (Tr. at 71.)

\* \* \* \* \*

The ALJ properly followed the two-step process for evaluating subjective statements concerning symptoms and pain. She also explicitly noted the lack of weight given to Caldwell's statements and the reasoning for discrediting Caldwell's testimony. Accordingly, the ALJ applied the proper legal standards for evaluating Caldwell's credibility. *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.")

2. *The ALJ's decision is supported by substantial evidence.*

The ALJ's decision must be supported by substantial evidence. *Cunningham v. Astrue*, 360 F. App'x 606, 612 (6th Cir. 2010). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curium)). The substantial evidence standard is highly deferential. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007).

Here, the ALJ's decision is supported by substantial evidence. In addition to the ALJ's extensive credibility analysis, *supra* Part IV.1, the ALJ stated that the objective medical evidence did not support Caldwell's claims and—often—Caldwell's medical records belied any physical abnormalities. (*See* Tr. at 71, 333, 347, 377, 479–81, 485–87.) Further, Dr. Gregg and Dr. Harshman concluded that Caldwell could perform medium work, (Tr. at

9

137–39, 325–26); no doctor found Caldwell disabled, (*See* Tr. at 1–517); in 2011, Dr. Harshman found Caldwell's back to be tender but otherwise normal, (Tr. at 325); Caldwell did not seek treatment for his back between May 2008 and November 2011, despite alleging an onset date of March 1, 2010 (*Compare* Tr. at 203, 208, *with* Tr. at 319–22, 403); and Caldwell's back pain did not restrict "activities of daily living." (Tr. at 326, 358.) Thus, there is more than a scintilla of evidence that a reasonable mind might accept as adequate to support the conclusion that Caldwell is not disabled. *Cunningham*, 360 F. App'x at 612.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 14) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 15) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated January 5, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY